**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHELBY LEONARD,

      Petitioner - Appellant,

v.

TIM LEMASTER, Warden, New Mexico
State Penitentiary; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

      Respondents - Appellees.

No. 02-2261
D.C. No. CIV-01-1366 BB/LCS
(D. New Mexico)

**ORDER**

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Shelby Leonard, a New Mexico state prisoner proceeding pro se, requests a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

corpus petition. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from

the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). We deny

Leonard's request for a COA and dismiss.

Leonard pled no contest to contributing to the delinquency of a minor, issuance of a

worthless check over twenty-five dollars, and failure to appear. Leonard's habitual-offender

status resulted in a sentence of nine years' imprisonment, with five suspended, and five

years' supervised release thereafter. As grounds for federal habeas review, Leonard asserts that: (1) he was not given a competency hearing despite exhibiting signs of instability and mental illness; and (2) his plea was involuntary and unknowing. Rejecting these claims and dismissing the petition, the district court concluded that: (1) a sua sponte competency hearing was not required under the circumstances as there were insufficient facts before the trial judge to create a doubt as to Leonard's competence at the time of his plea hearing; and (2) audiotapes of the plea colloquy indicate a knowing and voluntary plea and there is nothing in the record that would suggest that Leonard's ability to consult with his lawyer or his ability to understand the proceedings against him was compromised.

To be eligible for a COA, Leonard must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000). After careful review of the record, we conclude that this standard has not been met. Therefore, for substantially the same reasons articulated by the district court in denying Leonard's habeas petition, we **DENY** a COA and the matter is **DISMISSED**.

Entered for the Court
PATRICK FISHER, Clerk of Court


by:
Deputy Clerk

-2-